UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANDRES ALONSO CERVANTES-MARTINEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:25-cv-00422-MPB-MG |
| | ) |
| WARDEN Clay County Justice Center, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**

Andres Cervantes-Martinez's petition for a writ of habeas corpus asks the Court to forbid the respondents from removing him from the United States and order them to take immediate action in his underlying immigration proceedings. Because Mr. Cervantes-Martinez concedes that his detention would be lawful *and* that he would remain lawfully detained even if the Court grants him the relief he requests, his petition exceeds this Court's habeas corpus jurisdiction and must be dismissed.

The habeas corpus statutes, including 28 U.S.C. § 2241, grant this Court jurisdiction to hear challenges to the fact or duration of the petitioner's custody. "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). A prisoner may petition for a writ of habeas corpus to seek immediate or speedier release from custody or release from one "level of custody" to another. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002).

Mr. Cervantes-Martinez does not seek immediate or speedier release from custody or release from one level of custody to another. Rather, he asks the Court to order the government to

afford him certain rights in his immigration proceeding and prevent the government from removing him before those rights have been afforded.

Mr. Cervantes-Martinez claimed asylum after entering the United States outside a port of entry and being detained in 2022. Dkt. 10 ¶ 1. By law, he was entitled to an interview with an asylum officer and an opportunity that he has a credible fear of being persecuted if returned to his native Peru. 8 U.S.C. § 1225(b)(1)(B)(i). When the asylum officer determined that Mr. Cervantes-Martinez had not demonstrated credible fear, dkt. 10 ¶ 1, Mr. Cervantes-Martinez was entitled to present his claim of credible fear to an immigration judge for "prompt review." 8 U.S.C. § 1225(b)(1)(B)(iii).

Mr. Cervantes-Martinez represents that the government rescheduled his credible fear hearing, and then he could not keep his rescheduled appointment because he became sick with COVID-19. He attempted to reschedule his hearing but received no response from the immigration court. Dkt. 1 ¶¶ 2–3. In March 2025, after almost three years, Mr. Cervantes-Martinez filed paperwork to adjust his status. In August, he appeared for an appointment and was arrested by U.S. Immigration and Customs Enforcement officers. *Id.* ¶¶ 4–6. ICE has detained him in Clay County. *Id.* ¶ 7.

Mr. Cervantes-Martinez argues that the defendants have deprived him of due process and violated the Administrative Procedure Act by depriving him of his statutorily required credible fear review. He asks the Court to order that the respondents may not remove him from the United States and that they must complete his credible fear review within 30 days. *Id.* at p. 10. Importantly, though, Mr. Cervantes-Martinez does not seek release from ICE detention. Indeed, he concedes that the statute entitling him to a credible fear hearing also directs that he "shall be detained" until the immigration judge has made a final determination. *Id.* ¶ 11; 8 U.S.C. § 1225(b)(1)(B)(iii).

Mr. Cervantes-Martinez argues that his automatic detention "does not remove the Respondents' absolute duty to provide the Petitioner with an Immigration Judge review of his negative credible fear determination." Dkt. 10 ¶ 11. Assuming for the sake of argument that he is correct, though, the Supreme Court has made clear that habeas corpus is not the proper vehicle for attempting to compel the government to fulfill that duty.

In *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 114–15 (2020), the Supreme Court considered whether an asylum seeker's habeas petition was properly dismissed given that it sought only an "opportunity to apply for asylum and other applicable forms of relief" and not "release from custody." The Court held that, from a constitutional standpoint, the writ of habeas corpus is a vehicle for determining whether a person is lawfully confined. *Id.* at 117–18. It does not "permit a petitioner to claim the right to enter or remain in a country or to obtain administrative review potentially leading to that result." *Id.* at 117. "Such relief might fit an injunction or writ of mandamus . . . but that relief falls outside the scope of the common-law habeas writ." *Id.* at 118.

*Thuraissigiam* echoes previous Supreme Court decisions limiting habeas corpus jurisdiction to claims for release from custody. In *Skinner v. Switzer*, 562 U.S. 521 (2011), the Court held that a state prisoner's pursuit of an order requiring DNA testing of crime scene evidence must proceed in a civil lawsuit rather than a habeas petition. Although the petitioner's "*ultimate* aim" was to reverse his conviction and achieve release, his "*immediate* plea" was "for an order requiring DNA testing." *Id.* at 535 (emphases in original). The Court found no precedent recognizing habeas as an available remedy "where the relief sought would neither terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody.'" *Id.* (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005)).

In *Munaf*, 553 U.S. at 693–94, the Court held that habeas corpus could not be used to secure "a court order requiring the United States to shelter" the petitioners from a foreign sovereign that wished to prosecute them. Habeas was "not appropriate" because the petitioners did not seek release from custody. *Id.* at 693.

Lower courts have applied these principles and authorities as placing requests for action other than release from custody outside habeas corpus jurisdiction. *See J.G.G. v. Trump*, No. 25-5067, 2025 WL 914682, at *27 (D.C. Cir. Mar. 26, 2025) (Millett, J., concurring) (APA challenges to removal proceedings "are not habeas claims and do not sound in habeas.") (citing *Thuraissigiam*, 591 U.S. at 117, 119; *Munaf*, 553 U.S. at 692–94); *E.F.L. v. Prim*, 986 F.3d 959, 965 (7th Cir. 2021) ("E.F.L.'s habeas petition does not 'contest[ ] the lawfulness of restraint' or seek to 'secur[e] release' from custody; it instead vies for her right to 'remain in [the United States] or to obtain administrative review potentially leading to that result.'") (quoting *Thuraissigiam*, 591 U.S. at 117); *Guerrier v. Garland*, 18 F.4th 304, 312–13 (9th Cir. 2021) ("*Thuraissigiam*'s conclusion that the Due Process Clause does not require review of how the agency determines whether a noncitizen subject to expedited removal is eligible for asylum precludes this court from reviewing Guerrier's petition, despite his raising a colorable constitutional claim. . . . Congress has provided for a credible fear interview with an asylum officer, review of the asylum officer's determination by a supervisor, and final review by an immigration judge. Congress chose to strictly cabin this court's jurisdiction to review expedited removal orders. It provided exceptions to that limitation under specific circumstances that do not apply here. *Thuraissigiam* precludes this court from recognizing a 'colorable constitutional claim' exception to this case."); *France v. Ripa*, No. 24-CV-24333, 2025 WL 895168, at *1 (S.D. Fla. Jan. 15, 2025) ("It's true that, in a habeas proceeding, 'injunctive relief may be necessary to enforce the petitioner's right of liberty.' But France's Motion has nothing to

4

do with the rights he's seeking to vindicate in his habeas petition, which alleges that France's 'ongoing prolonged detention' is unconstitutional. . . . Since France's conditions-of-confinement claim thus 'fall[s] outside [the] core' of habeas corpus, we cannot grant him the relief he seeks in his Motion.") (quoting *Pierre v. United States*, 525 F.2d 933, 936 (5th Cir. 1976); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)).

Mr. Cervantes-Martinez does not challenge the legality of his detention, and he does not seek immediate or expedited release from custody. If the Court granted all the relief he seeks in his petition—directing the government to keep him in the United States and provide the statutorily mandated review of his claim of credible fear—he would remain subject to mandatory detention, at least through resolution of his asylum claim. His claims fall outside this Court's habeas corpus jurisdiction.

This case is **dismissed without prejudice** for **lack of jurisdiction**. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Dated: September 12, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Brian Scott Green
Law Office of Brian Green
briangreen@greenusimmigration.com

5